Prob 12
(Mod. For E.VA 10/09)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA



U.S.A. vs. Samuel Vincent Tenorio          Docket No.  1:11po10

### Petition on Probation

COMES NOW Eric Olson, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Samuel Vincent Tenorio, who was placed on supervision by the Honorable T. Rawles Jones, Jr., sitting in the Court at Alexandria, Virginia, on the 24th day of March 2011, who fixed the period of supervision at 36 months, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

### See Pages 2 & 3

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a warrant to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

| ORDER OF COURT | |
|---|---|
| Considered and ordered this 8th day of November 2012 and ordered filed and made a part of the records in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| /s/Thomas Rawles Jones, Jr. | Executed on 11/8/12 |
| T. Rawles Jones, Jr.<br>United States Magistrate Judge | Eric Olson<br>U.S. Probation Officer<br><br>Place Alexandria, Virginia |

**TO CLERK'S OFFICE**

Petition on Probation
Page 2
Re:  TENORIO, Samuel Vincent

OFFENSE:  Driving While Intoxicated with a BAC of .08% or More.

ORIGINAL SENTENCE:   24 months supervised probation with the following special conditions:

1. The defendant shall enter and successfully complete an alcohol education program as directed.
2. The defendant shall undergo substance abuse testing and treatment as directed.
3. The defendant shall not consume any alcohol during the first year of probation.
4. The defendant shall not operate a motor vehicle anywhere in the United States during the first year of probation except:  a) to, from and as directly required by the defendant's employment; b) to and from the probation office; c) to and from the programs required by probation; and d) to and from this Court. **(Vacated on May 11, 2011.)
5. The defendant may not operate a motor vehicle during the entire period of probation unless it is equipped with an alcohol-detecting ignition interlock system approved by the probation officer. **(Vacated on May 11, 2011.)
6. The defendant shall serve 10 days jail as directed.
7. The defendant shall not operate a motor vehicle during the period of probation.  **(Ordered on May 11, 2011.)

MODIFIED SENTENCE:  A Petition on Probation was submitted to the Court on July 27, 2011, alleging a single violation of probation, to wit:  the defendant consumed alcohol contrary to Special Condition 3 listed above. On September 1, 2011, the defendant appeared with counsel before Your Honor and admitted to the violation.  The Court modified the defendant's probation as follows:

1. The defendant shall serve 2 days in jail pursuant to 18 U.S.C. §3563(b)(10) as directed by the probation officer.
2. The defendant shall submit to the use of a Sobrietor to enforce the existing condition of no alcohol use.

MODIFIED SENTENCE:  A Petition on Probation was submitted to the Court on May 11, 2012, alleging violations of probation, to wit: new criminal conduct, two (2) counts of Assault on a Family Member.  On June 26, 2012, the defendant appeared with counsel.  Upon a joint motion, the violation hearing was continued and the Court ordered the following modifications of probation:

1. The period of probation is extended for an additional year.
2. Defendant shall complete an anger management course and shall receive whatever additional mental health counseling and treatment the probation officer finds appropriate.

The Court continued the violation hearing until September 11, 2012.

MODIFIED SENTENCE: On September 11, 2012, the defendant appeared before the Court to address the alleged violations contained in the May 11, 2012, Petition on Probation. After hearing argument, the Court continued the defendant on probation with the following additional condition of probation:

1. The defendant is subject to remote alcohol testing as directed, to be paid for by the defendant.

ADJUSTMENT TO SUPERVISION: The defendant has had an unsatisfactory adjustment to probation supervision.

The defendant resides with his parents in Alexandria, Virginia, and is employed by his family's landscaping company. In regards to completing the special conditions of probation:

*On June 24, 2011, the defendant completed payment of his fine and special assessment.

*On August 14, 2011, the defendant completed service of the 10 days in jail ordered at sentencing.

*On November 20, 2011, the defendant completed service of the 2 days in jail ordered on September 1, 2011.

*On February 29, 2012, the defendant completed outpatient alcohol abuse treatment at the Ethos Foundation in Alexandria, Virginia.

*On March 23, 2012, the defendant completed Remote Alcohol Testing as ordered on September 1, 2011. The defendant incurred multiple violations for failing to take random tests during his period of monitoring. The defendant continues to owe $530.44 in fees for this period of monitoring.

*In August 2012, the defendant successfully completed a certified Anger Management program as ordered on June 26, 2012.

*The defendant continues in outpatient substance abuse treatment with Carin Beasley, a private provider secured by the defendant.

Petition on Probation
Page 4
Re: TENORIO, Samuel Vincent

The procedural history of the defendant's case is reported above. Not reported above are other petitions and addenda pertaining to the defendant's violations of Remote Alcohol Testing (Sobrietor) incurred between October 5, 2011, and December 26, 2011. After hearing arguments about these violations, the Court elected to allow the defendant to complete alcohol monitoring.

During his most recent appearance before the Court, September 11, 2012, the Court made clear to the defendant, it's expectation that future petitions would be considered a serious breach of the Court's orders.

Following the September 11, 2012, hearing, this writer and the defendant's attorney met with the defendant together, to impress upon the defendant the importance of refraining from excessive alcohol use and complying with all other conditions. During this meeting, the defendant was instructed to report at 8:30 a.m., on days following a Washington Redskins' football game for alcohol and drug screening. The defendant acknowledged this writer's instruction.

The defendant's first mandatory drug testing day was Monday, September 17, 2012. The defendant failed to report at 8:30 a.m., instead reporting at 2:03 p.m., for testing. The sample provided by the defendant was diluted. On September 18, 2012, phone messages left for the defendant went unreturned. On September 19, 2012, the defendant contacted this writer. The defendant was re-instructed to report at 8:30 a.m., on days he is required to report for testing.

The defendant's second mandatory drug testing day was Monday, September 24, 2012. The defendant reported at 9:35 a.m. Prior to testing, the defendant admitted to drinking six (6) beers on September 22, 2012, between the hours of 7:00 p.m., and 11:00 p.m. The defendant's urine screen ultimately screened positive for alcohol. In consultation with the defendant's attorney, he was given specific guidance to consume no more than two (2) alcoholic drinks in any 24 hour period.

On his subsequent mandatory drug testing dates the defendant failed to report at 8:30 a.m., as directed. On November 5, 2012, the defendant failed to report altogether.

On October 5, 2012, this writer received information the defendant was involved in a single-vehicle accident in August 2012. The defendant was driving his parents' vehicle intoxicated and struck a tree. The defendant admitted to this during an individual substance abuse treatment session.

Petition on Probation
Page 5
Re: TENORIO, Samuel Vincent

Later on October 5, 2012, this writer confronted the defendant about the car accident. The defendant denied all involvement. The defendant was instructed to have a dedicated phone line installed in his residence by October 12, 2012, to facilitate his installation on remote alcohol testing.

On October 18, 2012, this writer attempted to interview the defendant's father, Ricardo, and interviewed the defendant's mother, Leah. Both are listed as the registered owners of the vehicle involved in the August 2012 car accident.

The defendant's father refused to answer questions about the vehicle. When asked directly if his vehicle was involved in a recent car accident, he stated, "Not that I know of." He then referred additional questions to his wife.

The defendant's mother was interviewed at her place of employment. She confirmed the vehicle she and her husband own was in a car accident in August 2012. She stated the accident occurred while she and Ricardo were dropping the defendant's brother, John, off at college.

Mrs. Tenorio denied having any knowledge of who was driving the vehicle at the time, and stated she "didn't ask" any questions about the accident. Neither Leah nor Ricardo Tenorio filed a stolen vehicle report, an accident report, or insurance claim in regards to the accident. She stated to the best of her knowledge the car sustained front-end damage and the airbags deployed. Lastly, Mrs. Tenorio indicated the damage was repaired by a friend of her husband's and cost approximately $2,000.

<u>VIOLATIONS</u>: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:**     **NEW CRIMINAL CONDUCT (UNCHARGED): DRIVING UNDER THE INFLUENCE OF ALCOHOL, OPERATING AFTER REVOCATION**

In or about August 2012, the defendant was the driver of a vehicle in Alexandria, Virginia. The defendant admitted he was intoxicated during this event, lost control of the vehicle, and struck a tree. The defendant then arranged for a tow truck to take the vehicle from the scene in order to avoid detection.

The defendant did not have a valid license to operate a motor vehicle as Your Honor revoked his driving privileges on May 11, 2011.

Petition on Probation
Page 6
Re: TENORIO, Samuel Vincent

**SPECIAL CONDITION:** **THE DEFENDANT IS SUBJECT TO REMOTE ALCOHOL TESTING AS DIRECTED.**

On October 5, 2012, the defendant was instructed to have a dedicated phone line installed to accommodate the installation of Remote Alcohol Testing equipment by October 12, 2012.

The defendant failed to have a phone line installed at his residence by October 12, 2012, or anytime thereafter.

**CONDITION 3:** **THE DEFENDANT SHALL FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER.**

On September 11, 2012, and September 19, 2012, the defendant was instructed to report at 8:30 a.m., on designated drug testing days. The defendant failed to follow that instruction on the following dates.

   A) September 17, 2012:  The defendant reported at 2:03 p.m.
   B) September 24, 2012:  The defendant reported at 9:35 a.m.
   C) October 1, 2012:  The defendant reported at 10:47 a.m.
   D) October 9, 2012:  The defendant reported at 9:21 a.m.
   E) October 15, 2012:  The defendant reported at 10:55 a.m.
   F) October 22, 2012:  The defendant reported at 11:38 a.m.
   G) November 5, 2012:  The defendant failed to report as instructed.


ECO/vlh